UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            v.

MELVIN MILTON DESHIELDS, a/k/a
Michael Donovan Hayes, a/k/a
Chuck, a/k/a Donovan Michael
Hayes,
                    *Defendant-Appellant.*

No. 01-4361

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            v.

EVERTON RICHARDS, a/k/a Patrick
Donnell Richards, a/k/a Richard
Richardson, a/k/a Blue,
                    *Defendant-Appellant.*

No. 01-4451

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., and William L. Osteen, District Judges.
(CR-00-191)

Submitted: December 20, 2001

Decided: February 4, 2002

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

No. 01-4361 affirmed and No. 01-4451 dismissed by unpublished per curiam opinion.

## COUNSEL

Paul M. James, III, STOWERS & JAMES, Winston-Salem, North Carolina; J. Matthew Martin, MARTIN & MARTIN, P.A., Hillsborough, North Carolina, for Appellants. Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Pursuant to plea agreements, Melvin Milton Deshields and Everton Richards pled guilty to money laundering of drug proceeds, in violation of 18 U.S.C.A. § 1956 (West Supp. 2001). Counsel for Deshields and Richards have filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Deshields alleges ineffective assistance of counsel, and Richards challenges the voluntariness of his guilty plea, but both of their attorneys state that there are no meritorious issues for appeal. Deshields has filed a pro se supplemental brief repeating the claim asserted by counsel. Richards was informed of his right to file a supplemental pro se brief and failed to do so.

Claims of ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record for error and have found no clear ineffective assistance by Deshields' counsel. We therefore affirm Deshields' conviction and sentence.

Richards signed a written plea agreement in which he agreed to waive the right to appeal his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A waiver of appellate rights in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000). We have reviewed the record and find that Richards knowingly and voluntarily pled guilty pursuant to the written plea agreement, including the waiver of his right to appeal except in circumstances not applicable here. We therefore dismiss Richards' appeal.

We have examined the records in these cases in accordance with the requirements of *Anders* and find no meritorious issues for appeal. We therefore dismiss Richards' appeal and affirm DeShields' conviction and sentence. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If a client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-4361 - *AFFIRMED*

No. 01-4451 - *DISMISSED*